**Opinion filed April 15, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00077-CR
_____

### CHRISTOPHER REID TAYLOR, Appellant
### V.
### STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 23621-A**

### M E M O R A N D U M   O P I N I O N

The trial court convicted Christopher Reid Taylor of aggravated robbery and assessed his punishment at confinement for ten years. We dismiss for want of jurisdiction.

The trial court imposed the sentence in open court on January 11, 2010. A motion for new trial and a notice of appeal were filed on March 16, 2010, sixty-four days after the date the sentence was imposed. When the appeal was filed in this court, the clerk of this court wrote the parties stating that it appeared neither the motion for new trial nor the notice of appeal were timely pursuant to TEX. R. APP. P. 21.4 and 26.2 and directing appellant to respond showing grounds for continuing his appeal pursuant to TEX. R. APP. P. 44.3. Appellant's trial counsel has filed a response on his behalf.

In his response, trial counsel states that he had discussed appealing the conviction with appellant, had advised appellant that he did not think it would be advantageous to appeal, and

informed appellant that he would not proceed with an appeal unless appellant expressly told him to do so. Counsel states that appellant indicated that he understood and that he did not want to appeal at the time. Counsel states that, forty-six days after the sentence was imposed in open court, he was representing appellant in a different trial court concerning misdemeanor allegations. Counsel further states that, "[s]hortly before" the setting on the misdemeanors, he was informed of a letter appellant sent to the district court. Counsel states that he did not see the letter. The letter was not dated and was not file marked. Counsel stated that, as soon as he became aware of the contents of the letter and appellant's desire to appeal, he filed both the notice of appeal and motion for new trial.

In order to extend the appellate timetable, a motion for new trial must be filed within thirty days of the date the sentence is imposed in open court. Rule 21.4. Without a timely motion for new trial, the notice of appeal must be filed within thirty days of the date the sentence is imposed in open court. Rule 26.2(a). The time for filing a notice of appeal may be extended if, within fifteen days of the original due date, the actual notice of appeal is filed in the trial court and a motion for extension of time is filed in the appellate court. TEX. R. APP. P. 26.3. No motion for extension of time was filed in this court, and the notice of appeal was filed outside of the fifteen-day time frame. Absent a timely notice of appeal or the granting of a timely motion for extension of time, this court does not have jurisdiction to entertain an appeal. *Slaton v. State*, 981 S.W.2d 208, 209-10 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522-24 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 109-10 (Tex. Crim. App. 1993); *Shute v. State*, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988).

Through an apparent failure of communication, neither the notice of appeal nor an extension of time was filed in compliance with Rules 26.2 and 26.3. Appellant may be able to secure an out-of-time appeal by complying with TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2009).

The appeal is dismissed for want of jurisdiction.


April 15, 2010                                             PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

2